# In the district court of the United States

**CASE #: 1:13–cv–01147**

U.S. Code, Title 28, Section 1651
**Officers in Default of Writ;**
**Fault;**
**Sanctions;** Relative to the
**Objection in the Nature of a Writ of Quo Warranto;**
**Proceeding in the Nature of a Writ of Prohibition;**
to enjoin certain acts without statutory authority; and
regarding improper Senior Judge assignment to
Jefferson Mining District, *et al* v. Kitzhaber, *et al.*
EXPEDITED

**The United States of America,**

*ex rel,*

**Jefferson Mining District, *et al*,**

v.

**Mary L. Moran**, Clerk of Court.

and

**Owen M. Panner**, Senior Judge.

## I ) Referencing the Case Assignment Notice, in pertinent part

U.S. District Court District of Oregon (Medford (1))
CIVIL DOCKET FOR CASE #: 1:13–cv–01147–PA

Jefferson Mining District et al v. Kitzhaber et al
Assigned to: Judge Owen M. Panner
Cause: 28:1331 Fed. Question
Date Filed: 07/09/2013
Jury Demand: None
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: Federal Question

> 07/09/2013 2 Notice of Case Assignment: This case is assigned to Judge Owen M.
> Panner. (ljb) (Entered: 07/10/2013)

## II ) Officers in Default to Respond to Writ of Quo Warranto and Prohibition

1. ) In response to a now Proven wrongful assignment by the Clerk of Court, Mary

Moran, and a senior judge, Owen Panner, ostensibly presiding within a territorial court[1], though

---

1    Restating Clause 32 and 33 of the Objection the officers failed to show warrant to conclude differently
than is settled law: **32)** The United States District Courts ("USDC") are legislative courts typically proceeding in
legislative mode. See American Insurance v. 356 Bales of Cotton, 1 Pet. 511, 7 L.Ed. 242 (1828) (C.J. Marshall's
seminal ruling); and Balzac v. Porto Rico, 258 U.S. 298, 312 (1922) (The USDC is not a true United States court
established under Article III.) See 28 U.S.C. §§ 88, 91, 132, 152, 171, 251, 458, 461, 1367. Legislative courts are
not required to exercise the Article III guarantees required of constitutional courts. See Keller v. Potomac Electric
Power Co., 261 U.S. 428 (1923); Federal Trade Commission v. Klesner, 274 U.S. 145 (1927); Swift v. United
States, 276 U.S. 311 (1928); Ex parte Bakelite Corporation, 279 U.S. 438 (1929); Federal Radio Commission v.
General Electric Co., 281 U.S. 464 (1930); Claiborne-Annapolis Ferry Co. v. United States, 285 U.S. 382 (1932);
O'Donoghue v. United States, 289 U.S. 516 (1933); Glidden Co. v. Zdanok, 370 U.S. 530 (1962); Northern
Pipeline Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982); 49 Stat. 1921.

For a court to pronounce upon a law's meaning or constitutionality when it has no jurisdiction to do so
is, by very definition, an ultra vires act. Steel Co. v. Citizens For A Better Environment, 118 S.Ct. 1003,
1012–16 (1998).

**33)** The decision of BALZAC v. PEOPLE OF PORTO RICO, 1922, is instructive, in that:
"[7, 8] The United States District Court is not a true United States court established under article 3
of the Constitution to administer the judicial power of the United States therein conveyed. It is created
by virtue of the sovereign congressional faculty, granted under article 4, § 3, of that instrument, of
making all needful rules and regulations respecting the territory belonging to the United States. The
resemblance of its jurisdiction to that of true United States courts, in offering an opportunity to
nonresidents of resorting to a tribunal not subject to local influence, does not change its character as a
mere territorial court."

itself of unfound competence, of a matter requiring an Article Three court possessing Article Three judicial Power as well in the office of Judge, the Relators filed the Objection in the Nature of a Writ of Quo Warranto and Prohibition requiring these officers show warrant in law for the assignment and acceptance of the remedy petitioned for, that the assignment and acceptance of the originating Petition for Injunction to the United States District Court, a territorial court, before a senior judge, Owen Panner, was not a violation of the law by the Cause of the petitioners.

2. ) The United States of America, upon relation of the sufficient complaint of the Petitioners for Injunction in the matter of Jefferson Mining District, *et al* v. Kitzhaber, *et al*, Assigned to: Judge Owen M. Panner, proceeding to conclusion pursuant to the All Writs Act codified at 28 U.S.C. § 1651, The Mining Law, *in para materia*, and because of the mandatory nature of the constitutional and statutory requirements for establishment of the courts or the scope of the lawful authority and jurisdiction and of the officers therein, that the requirement for the *quo warranto* is not discretionary but likewise upon the originating cause, mandatory, the officers failing to meet their burden to show warrant for their acts are proven to be acting contrary to law and harming not only the petitioner upon relation but the honor of the sovereign itself, it obligations to it grants, and the machinery of the courts of justice.

3. ) The officers so commanded did not have any discretion to ignore the writ, failing to prove out any such privilege.

4. ) The burden being upon the officers challenged for their respective lawful warrants, the officers are in contempt of the United States of America, in contempt of court, and by their failure to produce warrant for their actions agree they are in bad behavior of holding and exercising lawful office, and shall hereby, forthwith, be removed from any office so claimed.

5. ) Instead of answering the *quo warranto*, the individual assigned as the "senior judge", Owen Panner, purports to issue an order of a cause not lawfully found before a lawfully constituted court.

6. ) Despite the lack of warrant to lawfully act, or because of the lack, Owen Panner, agreed with the relators that the United States District Court, USDC, lacks jurisdiction.

7. ) Upon the objection of the United States of America on relation, that the court lacks jurisdiction over the cause of the petitioner, because a territorial court does not have Article Three constitutional competence, as well agreeing with the Clerk of Court also failing production of a warrant to lawfully act confirming the assignment was a wrongful obstruction of justice.

## III )                                    Officers in Fault

1. ) The officers in default of an Answer responding to the demand of the United States of America on relation of the complaint of petitioner, sufficient time being given, are now in Fault.

2. ) This dereliction of duty to respond to the command of the writ and timely remedy is furthered by the federal court of the Oregon district itself, being the chief judge upon whom the writ was duly served failed to timely and judiciously hear and determine the cause of the writ or otherwise respond to enforce the law, that justice requires, allowing the officers to harm the relator without warrant in law after demand for warrant.

3. ) The officers of this court apparently believe they are above the law. This can only be the fact were the corruptive influences complained of at the state level by the petitioners of the Defendants to have infiltrated the federal forum. It appears such a corruptive infiltration and usurpation has occurred.

4. ) These defaults to a Fault upon the duty to act as the sovereign or the law demands creates the fault in the federal officers by which petitioners demand remedy for the damage the failure and default to respond and to hear and determine of which has caused, and is being allowed to be causing, as petitioners predicted in their Objection in the Nature of a Writ of Quo Warranto and Prohibition, a furtherance of the legal oppression committed by the defendant Bar Association, the officers of this court of which are members.

5. ) The Petitioners, as the relators, are damaged in the official obstructions, not limited to, of access to a lawfully constituted court of competent jurisdiction, the obstruction to remedy by warrantless official action, or action done under color of authority, being trespass on the case, and ultimately the obstruction of justice, whether or not by fraud upon the court, proof and fulfillment of the scheme evidenced in the purported order dismissing the cause of the Petitioner's by some one without warrant of lawful office.[2]

6. ) Upon the fault of the officers, by way of their wrongful default to lawfully act upon command through writ of *quo warranto*, the Officers themselves showing of egregious misconduct as well the unanswered proof levied against and agreed to by Owen Panner, merely posing, under color of authority, as a senior judge in a court of competent jurisdiction without competence or warrant, of intimate membership and fraternity in the Defendants being he is both member of the defendant Bar Association and Life Trustee to Lewis & Clark Law School, a member of the extended Governor's Network, in a racketeering influenced corrupt organization, by the cause of the unanswered petition for injunction, the United States of America demands sanctions appropriate to the crimes, harms, and the Fraud Upon the Court, upon the very system of justice itself, which the officers of the court, and consequently the undue influence of the defendant Bar Association, have and are causing.

**IV )**     **The Duty is upon the Officers of the Court to Respond to the Writ**

1. ) The Duty is upon the officers of the court to respond to the writ and upon a court of competent jurisdiction to hear and determine, or transfer [3] in the interest of justice where no jurisdiction is found in the court petitioned to;

---

2     "Fraud on the court has been narrowly applied and is limited to the most egregious of circumstances involving the courts. Stonger, 776 N.E.2d at 357. Further, to prove fraud on the court, it is not enough to show a possibility that the trial court was misled. Id. at 358. Rather, there must be a showing that the trial court's decision was actually influenced. Id. There must be a showing of egregious misconduct directed to the court itself." Greiner v. City of Champlin, 152 F.3d 787, 789 (8th Cir. 1998) (citation omitted). "Proof of the scheme, and of its complete success up to date, is conclusive."□ Hazel-Atlas, 322 U.S. at 246."

3     28 USC § 1631 - Transfer to cure want of jurisdiction, or 28 U.S.C. § 1404 - Change of venue to the competent court of jurisdiction pursuant to statute, see 28 USC 88 and 91; see notes or otherwise required.

2. ) The writ of *quo warranto*, being a mandatory requirement to be complied with the Clerk of Court, Mary Moran, and Senior Judge, Owen Panner, were required to comply in producing a warrant for their acts before their acts or authority to act is deemed lawful;

3. ) Consequently, without the production of any warrant by either officer, they have no authority to hold the post or to act, either the Clerk of Court, or a Senior Judge, as any court of competent jurisdiction ought to rightly hold. The acts of the officers failing to provide lawful warrant, therefore, lack authority of law and are done merely under color of authority and sanctions and cost are warranted;

4. ) Moreover, if a Senior Judge, Owen Panner is also derelict to evidence how the United States District Court, a territorial court, can take jurisdiction, under which he might lawfully reside to exercise its authority and jurisdiction[4] ;

5. ) The failure of establishing the Jurisdiction to the court over the subject matter of the petition for injunction of the Relator provides that even if responding with warrant as to the existence of his lawful office there was produced no evidence of a lawful court of competent jurisdiction in the first instance under which he could exercise[5]; The evidence of the lawful establishment of the court, and of the office and officer therein, over the cause of the petitioners being a mandatory requirement to be complied with by the Senior Judge before exercising any duty;

6. ) These facts perfect the assertion of the petitioners right to object that no jurisdiction was in the court of assignment and that the Clerk of Court was wrong to make such an assignment upon a matter which was to be heard in an expedited manner, next or nearly so upon the calendar in a court of competent jurisdiction or Article Three cognizance, not a territorial court as assigned.

---

4       "If the jurisdiction be not alleged in the proceedings, their judgments and decrees are erroneous" Vallely v. Northern Fire & Marine Ins. Co., 254 U.S. 348, 41 S.Ct. 116.

5   "[J]urisdiction is lodged in a court, not in a person. The judge, exercising the jurisdiction, acts for the court." In re Brown, 346 F.2d 903, 910 (5th Cir., 1965)." United States of America, v. Teresi, 1973, 484 F.2d 894.

## V)     Senior Judge Commits Further Departure from Law

1. ) This is where Owen Panner commits the unpardonable sin. Instead of returning the assignment as improper, as objected to by the Relators, he acted without producing any warrant of Office or over the subject matter, but under color of authority purports to extinguish, for any "reason", the remedy of the Relator in fulfillment of the officer's objectives in the assignment.

a. ) Owen Panner has no lawful warrant to dismiss the petition for injunction.

b. ) This act purporting to dismiss, alone, done under color of authority, by State code, in *para materia* respect for the disposed mineral estate or of The General Mining Laws is a felony, reference ORS 164.075[6], and whether or not he has the adversarial conflict of interest tainting him.

2. ) There has been total non-compliance of the statutory provisions by the federal district officers in the district of Oregon which makes the judicial process vulnerable warranting interference by the constitutional courts and, therefore, again, the Petitioners are justified as relators seeking remedy in holding that the assignment and acceptance is not found in law. The case, reported at 889 F.Supp. 1146 (N.D. Cal. 1995). Dawson v. Gill, 1 East., 64; Smith v. Beucher, Hardin, 71; Martin v. Marshall, Hob., 68; Weaver v. Clifford, 2 Bul., 64; 2 Wils., 385.), in both references, the law is that an officer executing the process of a court which has acted without jurisdiction over the subject-matter becomes a trespasser. In this case, as petitioners were compelled to assert by writ of *quo warranto*, as to the assignment by the Clerk of Court, a felony falsification[7], and failure to forward to a competent court, there was no subject matter jurisdiction in the territorial court or the officer. The confirmation in the form of a failure to

---

6  In pertinent part: **164.075 Theft by extortion.** (1) A person commits theft by extortion when the person compels or induces another to deliver property to the person or to a third person by instilling in the other a fear that, if the property is not so delivered, the actor or a third person will in the future: [1], "(b) Cause damage to property;" [2], adversely affecting private property rights and under color of authority, [3], (h) "related to official duties, or by failing or refusing to perform an official duty."

7       See 18 USC § 2071 - Concealment, removal, or mutilation generally, and § 2076 failure to forward.

produce warrant attaches liability to the officers so acting without warrant are trespassers.

3. ) It is conceded, when a court has jurisdiction, it has a right to decide every question that occurs by the cause, and whether its decisions be correct or not, its judgment, until reversed, is regarded as binding in every other court. But if it acts without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void, and form no bar to a recovery sought in opposition to them even prior to a reversal." Thompson V. Tolmie, 27 U. S. 157 (1829), recounting the correction to the reference of Elliot v. Piersoll, 1 Pet. 340;

4. ) And that,"Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities. They are not voidable, but simply void, and this even prior to reversal."[8]

5. ) It follows then that the respondent Officers have no power to dictate powers not conferred upon them by the Acts of Congress.

6. ) Consequently, even if a senior judge, Owen Panner has shown no authority to hold the post of a court not identified to have lawful establishment or jurisdiction over the cause of the petition as objected to on relation through resort of the Objection in the Nature of a Quo Warranto; "[J]urisdiction is lodged in a court, not in a person. The judge, exercising the jurisdiction, acts for the court." In re Brown, 346 F.2d 903, 910 (5th Cir., 1965).", United States of America, v. Teresi, 1973, 484 F.2d 894.

7. ) And for the purposes of the United States of America, it is not merely the lack of showing jurisdiction generally, or his evasion by purported order ostensibly dismissing the matter for lack of subject matter jurisdiction. Owen Panner has shown no evidence of title to lawful Article Three power, nor authority to delegate unto himself powers not conferred, nor by his determination, nor even those of Congress as guided by the Constitution for the United States

---

8    Vallely v. Northern Fire & Marine Ins. Co., 254 U.S. 348, 41 S.Ct. 116 citing (1920), Elliott v. Peirsol, 1 Pet. 328, 26 U. S. 340; Old Wayne Life Assn. v. McDonough, 204 U. S. 8.

of America. Owen Panner was, further, duty bound to have taken an oath to uphold the law of any office, also not produced; Without such a showing, in particular, in light of the other failures of jurisdiction and warrant, Owen Panner having no authority or jurisdiction is a trespasser upon the remedy and commits under color of law the deprivation of rights of the petitioners.

8. ) This lawless status applies before Owen Panner purported to dismiss a Cause the territorial court had no jurisdiction over, "and it is a principle, that a decision of such a tribunal, in a case clearly without its jurisdiction, cannot protect the officer who executes it. The court and the officer are all trespassers." (2 Brown, 124; 10 Cr., 69; Mark's Rep., 118; 8 Term R., 424; 4 Mass. R., 234.).

9. ) Without finding Article Three competence, being without warrant of law, declaring from a non-existent court he had no subject matter jurisdiction, consequently agreeing with the relators as they have challenged the senior judge is without Authority to accept the assignment of the Clerk of Court, being that the United States District Court, or territorial court, could not maintain lawful jurisdiction, Owen Panner audaciously made claim without warrant in law for jurisdiction to dismiss an Action not lawfully before him or the territorial court blatantly and flagrantly disregarding federal law, depriving the Relators of their judicial remedy for harm done to them, and violating his Fiduciary and responsibilities relative to the Cause and the parties.

10. ) Upon the agreement of a purported senior judge, the United States District Court, USDC, a territorial court is without the status of Article Three competence or composition, and that Office of Senior Judge lacks authority of what ever delegation to hear a petition for an extra-ordinary remedy grounded upon an Article Three constitutional cause.

11. ) Not by mere suggestion, neither an order without found lawful authority is valid. The document purporting to dismiss petitioners cause not found lawfully before Owen Panner upon his failure to produce warrant shall be vacated with sanctions imposed commensurate with the fraud upon the court, trespass, and for the significant harm and attendant hardships in countering the attack caused to the petitioners by the officers so challenged and failing to show lawful warrant for their trespass and the attempt of Owen Panner to cover up the crime under

color of authority.

12. ) Moreover, and as "*modus operandi*", the cause petitioned for injunction setting out in detail, the order made under color of authority is consistent with the relator's Objection that the United States District Court officers have no jurisdiction over the cause of the petitioner, the adversarial "senior judge", Owen Panner, an intimate member in collusive affiliation with the defendant Bar Association, Legislative Council, and Governor's Network sought to be enjoined, including, Owen Panner, the one failing to show proof of his authority and jurisdiction of a cause not lawfully before him, is self-evident proof of the conflict of interest, the egregious misconduct, and the need for immediately enjoining this usurpatious organized infiltration now shown conclusively crossing from state into federal jurisdiction, having overthrown the function of lawful Government and justice.

13. ) Additionally, if not a mere felonious trespasser under color of authority, as Senior Judge, Owen Panner has acted in bad behavior and both officers violating also petitioner's expectation of honest administration of government, depriving the rights of the Petitioners, where, instead of returning the matter to the Clerk of Court as a cause not lawfully before a mere territorial court without Article Three judicial Power, under which Owen Panner regularly, though not mandatorily, attends duties, he purports to take up a Cause not lawfully before him in furtherance of the scheme and artifice devised of the defendants, he being a member of them, to defeat the remedy of the Petitioners, and those similarly situated, any property owner or producer, the very same scheme and artifice needing to be enjoined of their cause as petitioned.

14. ) There has been total non-compliance of the constitutional requirements and statutory provisions by the officers subject to the writ of *quo warranto*, the Clerk of Court, Mary Moran, and Senior Judge, Owen Panner, upon the causes of the warrantless decisions defeating the process of Justice and making vulnerable those reliant on due process of law for remedy, the very machinery of justice, warranting interference by a constitutional court and, therefore, the Court is justified in holding that any act or order of the officers subsequent to the writ is non est in law. Because, "This proposition, however, is not inconsistent with the holding that prohibition lies to

restrain a court from proceeding without or in excess of jurisdiction."[9]

15. ) The Chief Judge, Aiken, of the Oregon federal district, in not acting upon the writ of prohibition, lawfully served upon her, and the other officers by Certified Mail return receipt requested, attached, after failure of the duty of the officers challenged upon the Writ of *quo warranto* to produce their lawful warrants to act is in nonfeasance of the duty to have denounced the assignment and acceptance and any orders issuing of a incompetent usurper, and derelict also in failing to, either, convene an Article Three constitutional court to hear the substantial and adequate petition upon its own terms, not that of another cause, such as that of GALICE, or to have transferred the matter to an Article Three court of constitutional cognizance lawfully presided over by an Article Three officer with Article Three Judicial Power, not a United States District Court or territorial court and an officer with mere ministerial duties, whether or not in "regular {and discretionary} service" to the court.

## VI )     The Excuse to Fail to Render Justice Due to "Ripeness"[10] is Frivolous

1. ) If it were not obvious enough, that determinations of an action are made on a case by case basis by one's own merits, not one convoluted by the petition of another. The United States of America is compelled to highlight the prejudice and harm caused by incompetent officers, whether or not in conflict of interest with the Defendants of the underlying petition for injunction intending harm upon the petitioners to protect the Defendants:

2. ) The United States of America witnesses the Relators are prejudicially burdened by Owen Panner with a dismissal by chief judge Aiken over a different matter, the recent case of GALICE, wrongly imposed by someone posing as a senior judge without warrant, the recent case of GALICE, not party to this Cause, Jefferson Mining District and the grantees suing out entirely different causes and purpose of need, of right, Scope, and of remedy and status'.

---

9     (See Abelleira v. District Court of Appeal, 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715]; Hill v. Superior Court, 16 Cal.2d 527. (106 P.2d 876].) – Rescue Army v. Municipal Court, 28 Cal.2d 460, 1946.

10  Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134: Ripeness "contains both a constitutional and a prudential component." Cited in U.S. v. Adair, 1983.

3. ) Indeed, and not limited to these but by way of example of the prejudice and harm caused by this federal district court of challenged fiduciary duty in its apparent headlong intention to infringe the remedy of the relator and of the United States of America, the Chief Judge, Aiken, failed to give force and effect to the writs of *quo warranto* and for prohibition ensuring the continuing and ongoing harm to the petitioners, Grantees of the United States of America, or to the Authority and Jurisdiction of Jefferson Mining District. The Dishonor magnified being Jefferson Mining District is a congressionally acknowledged foreign state wrongly infringed by *ex officio* deputy officers in the Defendants, acting under color of authority and subject to injunction; The inconvenient truth of which being:

4. ) That the petitioners, IN THIS MATTER, not some other, were not merely enjoining illegitimate legislative enactments of this Session, but the network of usurpers, whom, under color of authority are trespassing upon the petitioner's Property, rights, and the Constitutional law the Petitioners and others similarly situated rely upon and therefore the United States of America itself, the grantor;

5. ) That even if it were true there were no irreparable harm by any threatened legislative enactments, there have been since June laws in effect this Session subject to injunction, in particular, and as received from the Oregon Legislative offices of Representative, Cliff Bentz:

HB 2248  Jun 13, 2013:                    Governor signed.
Jun 25, 2013: Chapter 371, (2013 Laws): Effective date June 13, 2013.

HB 2259 Jun 13, 2013:                    Governor signed.
Jun 25, 2013: Chapter 371, (2013 Laws): Effective date June 13, 2013;

6. ) That even so threatened, various forms of immediate and irreparable harm are asserted for remedy prior to formal enactment and ignored by the supposed Article Three judicial officer of this district, the Chief Judge;

7. ) And the legislative enactments the officers of this court conveniently, though

predictably, wrongly assert are not "ripe" are, by Oregon Constitution, enacted nonetheless being none require the governor's signature making the imposition of "Ripeness" a wrongful trespass upon the remedy sought by the Petitioners:

a. ) This enactment presumption being mandated in the Oregon Constitution, Article V, Section 15b(3):

*Section 15b. Legislative enactments; approval by Governor; notice of intention to disapprove; disapproval and reconsideration by legislature; failure of Governor to return bill.*

*(3) If any bill shall not be returned by the Governor within five days (Saturdays and Sundays excepted) after it shall have been presented to the Governor, it shall be a law without signature, unless the general adjournment shall prevent its return, in which case it shall be a law, unless the Governor within thirty days next after the adjournment (Saturdays and Sundays excepted) shall file such bill, with written objections thereto, in the office of the Secretary of State, who shall lay the same before the Legislative Assembly at its next session in like manner as if it had been returned by the Governor.;*

b. ) The enactments being PRESUMED law upon passage of the legislature, not requiring the signature of the Governor, but ratifying the same without the provisional delay if he accepts as shown above for HB 2259 and HB 2248 currently infringing upon the Petitioners without remedy, though demanded; Being enactments authored or encouraged by the Governor, veto of others are highly unlikely.

c. ) The bills SB 838 and 839 and all the others subject to the petition for injunction passing the legislature are equally presumed law and advisedly so, being the defendant "Governor" promoted these to advance the systemic oppression;

## VII ) That the Defendant "Governor" has Signed in Approval under Color of Authority

1. ) Willfully overlooked by an apparently complicit federal judiciary is the fact that other bills have been signed under mere color of authority in acceptance into law from this Session that by the petition for injunction, for causing irreparable harm, are subject to being enjoined, some more of which not limited to these are: SB 52, HB 2609, HB 2080, HB 2211, HB 2417, SB 837, SB 476, SB 23, HB 3434, HB 5048, SB 582, SB 77, HB 2396, SB 199, SB 200, or SB 31.

**VIII ) Defendants Do Not Serve Lawfully Constituted Government, but mere Governance**

1. ) However, as regards legitimate *de jure* legislative activity, this gives too much to the Defendants. The current "legislature" is no such thing, and is acting under the name and color of the state of Oregon, which the Defendants purport to serve, is not entitled to consideration for ripeness or for purposes of immunity. The STATE OF OREGON, so-called, which the Defendants actually "serve", self-servingly, does not function in a sovereign capacity under a *de facto* Model Business Corporations Act[11] operating merely "as law" since December 31, 1953, pursuant to a bill, House Bill 2[12], authored and advanced by the Defendant legal entities, substituted[13], supplanting[14], contrary to the laws of the United States, the permanent laws of the people in favor of said corporation and corporate structure governance, neither entitled to judicial forbearance or immunity, it's failure of authority even as *de jure* establishment notwithstanding.

2. ) Except to cover up the legal deception and foreign or private occupation of the state of Oregon explained in House Bill 2, 1953, which was subsequently maneuvered through the Code to further conceal the fact, there is no valid reason provided explaining the failure of the federal judicial officers to recognize the supplanted state authored and executed by the defendant Bar Association and Legislative Council when extending "ripeness" with or as occurred in this

---

11 The Model Business Corporations Act, first created by the American Bar Association, is a body of statutory law that was designed to govern corporate affairs.

12 **174.510 Statute revision of 1953 enacted as law; Oregon Revised Statutes; citation.** (1) The statute laws set forth after section 8 of enrolled House Bill No. 2 of the Forty-seventh Legislative Assembly were enacted as law of the State of Oregon, effective December 31, 1953.

(2) The statute laws described in subsection (1) of this section, together with sections compiled in parts bearing the **certificate of the Legislative Counsel** pursuant to ORS 171.285, may be cited as Oregon Revised Statutes. In citing a specific section of Oregon Revised Statutes, the designation "ORS (number of section)" may be used. [1953 c.3 §§1,7; 1961 c.90 §2]. Emphasis Added.

13 **174.520 General statutes enacted prior to January 12, 1953, repealed; exceptions.** (1) All statute laws of Oregon of a general, public and permanent nature enacted prior to January 12, 1953, were repealed effective December 31, 1953, except as provided in subsection (2) of this section.

14 **174.550 Statute revision of 1953 substituted for statutes repealed by ORS 174.520.** The provisions of the statute laws described in ORS 174.510 (1) are considered as substituted in a continuing way for the provisions of the prior statute laws repealed by ORS 174.520. [1953 c.3 §5; 1961 c.90 §6]

matter, this "conclusion" being reached without due process here notwithstanding.

3. ) The assertion by the court of "Ripeness" as respects the petition of the Relators without benefit of due process of their petition, and not some other party, is prejudicial and in light of applicable law and facts, frivolous, but is added evidence of the intention of Owen Panner, a "judicial" adversary in league with the Defendants, and as aided by the officers of this court, to sabotage the Petitioners as predicted in the Relator's filings and need of resort to the remedy of prerogative writ;

**IX )    Petition for Injunction Extends to Existing Illegitimate Enactments and Acts**

1. ) That beyond these, the Petition for Injunction was not limited to just the enactments this Session but extends to all existing enactments, current "laws", of the type sought to be enjoined;

2. ) That, neither did the Relators as petitioners sue, as prejudicially treated by the case of GALICE, apparently to enjoin legitimate legislative activities, but the petition of the Relators in THIS Cause, expressly states its intention to enjoin acts done merely under color of authority, the illegitimate activities of a legislature and Executive through the organized efforts of the Defendants, which are infringing upon the Property, or rights, and remedies of the petitioners and the laws of the United States of America of which the Defendants or the officers of this court have no right to trespass or withhold remedy;

3. ) That these Violations by the officers of this court are working in harmony with the wrongs committed by the "State" Principals, are consistent with the same scheme and artifice of those under color of authority complained of in the petition for injunction concerning the Defendants, defrauding the United States of America, who are working in concert to deprive the petitioners and those similarly situated of Property and rights as petitioned to be enjoined;

4. ) In other words, by the foregoing, the United States of America witnesses a criminal failure owing to fraud upon its courts, at least the appearance of impropriety, if not the fact of High Crimes and Misdemeanors, or the making of war upon the laws of the United States of America and its honorable court, that "No judicial process, whatever form it may assume, can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued, and any attempt to enforce it beyond these boundaries is nothing less then lawless violence." Ableman v. Booth, 62 U. S. 506 (1858) as cited In Covell v. Heyman, 111 U. S. 176 (1884);

5. ) That the Relators are being sabotaged and deprived of rights and remedy under a concerted pretense of authority by the officers of this court and of the United States by deliberately circumventing the law through violation of fiduciary duty and responsibility;

6. ) That, upon relation, by the writ and the petition to enjoin a network of corrupt influenced and organized Defendants, apparent racketeers, the officers of this court in apparent collusion, Sanctions shall be set; that "All courts have the inherent equitable power to vacate a judgment that has been obtained through the commission of fraud upon the court." Universal Oil Prods. Co. v. Root Ref. Co., 328 U.S. 575, 580 (1946); The Chief Judge having one last opportunity to rescue and do justice to the honor of the United States of America and the worthy cause of the petitioners.

7. ) That, additionally, being the Relators are congressional grantees of soil disposal powers ceded by the state of Oregon to Congress, the courts of the United States and officers of which are fiduciary trustees duty-bound to protect the grantee, the property, and the honor of the grantor United States of America, under the mining law mineral estate granting acts;

8. ) The officers of this court of which are in breach of that fiduciary duty to protect and provide substantial, plenary and summary remedy to the mineral estate grantee relators; Because "He is entitled to the most plenary and summary remedies for quieting his claim cognizable in

equity. Gillis v. Downey, 85 Fed. 483, 488, 29 C. C. A. 286." 15 ;

9. ) That conspiracy against or deprivation of rights under color of law are federal crimes, reference, 18 USC § 241, Conspiracy against rights, and § 242, Deprivation of rights under color of law; § 371, Conspiracy to commit offense or to defraud United States.

10. ) The race of producers being politically vulnerable, the law their only peaceful protection, the response of the officers of this court have been a mockery of justice inconsistent with the sentiment, 'Injustice to Anyone is Injustice to Everyone';

11. ) That by the relation of the cause of the Petitioners and the facts and insubordination in this matter to date, the United States of America finds probable cause and does witness, due to the nonfeasance, misfeasance, malfeasance exhibited by them and other wrongs used to attempt to defeat the Petitioners in their lawful remedy bringing harm and hardship upon them, and being the "judicial" officers of the district are members of the defendant Bar Association embracing an agenda contrary to the Laws of the United States of America regarding property, rights, and remedies, or the General Government's obligations or the laws reasonably relied upon by the petitioners and those similarly situated, the redress sought is warranted;

12. ) That the contempt for the Laws of the United States of America is so great that none of the Defendants saw fit to respond to a valid petition just as consistently as the officers of the United States are in contempt of court for failing to provide warrant as respondent;

13. ) That the contempt exhibited by the respondent officers, as well, gives to those who make war on the laws of the United States aid, comfort, and support under the color of authority of the United States of America; Just as petitioners have factually presented in their petition a

---

15      That " the general government itself cannot abridge the rights of the miner. There are equitable circumstances binding upon the conscience of the governmental proprietor that must never be disregarded. Rights have become vested that cannot be divested without the violation of all the principles of justice and reason." The same fundamental rules of right and justice govern nations, municipalities, corporations, and individuals.44 The government may not destroy the locator's rights by withdrawing the land from entry or placing it in a state of reservation.45", reference Pg. 13 of the Petition for Injunction.

matter that ought have been expedited within the 2 days provided to Defendants to dissolve had they the lawful remedy to do so. The Defendants have not. The Petitioners have been harmed not only by the Defendants but by the officers of this court under the color of authority of the United States;

14. ) Moreover, if anything herein stated not be factual to actual events relating to the apparent and concerted effort to obstruct justice to the relator or as petitioner, there is no record of the officers of this court affording any notice of the lawful jurisdiction or opportunity to amend a defect to the action that justice not be obstructed and consistent with the intention of the petitioner as due process of law requires;

## X )      Due Process Utterly Destroyed by the Court in its Deprivations, to Date

1. ) The failure to either timely hear and determine the petition for injunction, the writs, or the failure to give notice to amend to correct insufficiencies are due process violations further exposing the intention of the officers of this district to defeat a grantee of the United States of America, and of Justice, for no good and lawful reason;

2. ) The nonfeasance of the Chief Judge after due service of the cause of the writ for disposition or transfer to a court of competent jurisdiction, additionally, infringes upon petitioner's right of due process otherwise deserving of the proper lawful final order as well to the petition for prohibition, in light of the failure of warrant, and any appeal therefrom for error, that "this prohibition proceeding would be an independent suit," "and the judgment finally disposing of it," "is a final judgment"[16] ;

3. ) As guidance, the Bandini case was a prohibition proceeding, its object was to determine the jurisdiction of a state Superior Court in an equity cause. The Bandini ruling is well

---

16      284 U.S. at page 14, 52 S.Ct. at page 105, 76 L.Ed. 136, 78 A.L.R. 826." Weston v. City Council of Charleston, 2 Pet. 449, 464, 7 L.Ed. 481; Mt. Vernon-Woodberry Cotton Co. v. Alabama Interstate Power Co., 240 U.S. 30, 31, 36 .Ct 234, 2 35, 60 L.Ed. 507; State of Missouri ex rel. St. Louis, B. & M.R. Co. v. Taylor, 266 U.S. 200, 206, 45 S.Ct. 47, 48, 69 L.Ed. 247, 42 A.L.R. 1232; Michigan Central R. Co. v. Mix, 278 U.S. 492, 494, 49 S.Ct. 207, 208, 73 L.Ed. 470.

settled.[17]

4. ) In the present matter, the prohibition proceeding is instituted to challenge the assignment and acceptance of a court known to be without jurisdiction before the assignment to the petitioner's cause in equity. And the settled principles, applied here, require correction through issuance of an order respecting the default and subsequent fault of the officers failing to provide warrant to exonerate their proven lawless acts, the deprivation of due process notwithstanding, or as to any contrary order which might issue;

5. ) This matter shall not continue as a presumption to the world that any should take in good faith any act performed or order issuing in this matter to date is an act or order from a court of competent jurisdiction and authority.[18] ;

## XI )                                 Sanction and Injunction Warranted

1. ) The Relators brought a petition to enjoin Defendant's usurpatious system of oppression. This System is governed through monitoring[19] by the defendant Bar Association, author of the current domesticated foreign corporate regime structure governance occupying the people of the state of Oregon, together now, in self-proof, with the disregard of the writ and other duties of the officers of this court failing to provide lawful warrant for their actions all done under mere color of authority, working in concert and consistent with the 100% of Defendant's failure to answer, sufficient time having passed upon a expedited action, is beyond doubt cause enough that the United States of America requires the injunction issue and Sanction imposed.

2. ) Upon the foregoing, the respondent Officers in Default and dereliction of duty to Fault,

---

17 Bandini Petroleum Co. v. Superior Court, 284 U.S. 8, 52 S.Ct. 103, 76 L.Ed. 136, 78 A.L.R. 826, Rescue Army *et al.* v. Municipal Court of City of Los Angeles. 331 U.S. 549, 1947.

18      Thompson V. Tolmie, 27 U. S. 157 (1829) If that jurisdiction was improvidently exercised, or in a manner not warranted by the evidence from the probate court, yet it is not to be corrected at the expense of the purchaser, who had a right to rely upon the order of the court, as an authority emanating from a competent jurisdiction. The case of Elliot v. Piersoll, 1 Pet. 340.

19 So controlling that this Session, again, the defendant Bar Association takes exclusive governance monitoring of "state" agencies in the form of SB 52, which, Directs state agencies to preserve final orders in contested cases issued by agency in digital format and to provide electronic copies to Oregon State Bar, or designee, upon request.

harming the relators upon the Writ petitioned and the United States of America commands, or the petitioners upon their original lawful Cause, this court convene a Court of constitutional Article Three Power and Composition and declare any order or act of the court or its officers issued subsequent or subject to the writ void, removing also the harm and hardship any are causing to the petitioners, ordering adequate and acceptable sanctions, including but not limited to officer removal from office, and remedy for the harm caused, and upon the Petition for Injunction of the Petitioners, [not of another party or cause as the chief judge prejudicially allowed to be attempted imposing GALICE upon this wholly different and distinct matter.], or, cause transfer to the court of competent jurisdiction over Article Three constitutional matters to effect the same, and immediately execute the injunction petitioned for wanting in timely judicial response, and as required for justice, in light of the lack of timely answer from any of the colluding defendants, as required by law; "Fraud upon the court☐ may take the form of a scheme or plan by a litigant, wholly without the involvement of counsel, that is intended to corrupt the court's decision-making." See Toscano v. Commissioner, 441 F.2d 930, 934-36 (9th Cir. 1971).

## XII )                                    VERIFICATION

I, Ron Gibson, Sui Juris, *ex rel*, et al., the duly elected Officer of Jefferson Mining District, a foreign state, in the above entitled action, hereby verify under penalty of perjury, under the laws of the United States of America, without the "United States", that the above statement of facts and laws in the above entitled **Officers in Default of Writ; Fault; Sanctions** is true and correct, according to the best of my current information, knowledge, and belief, pursuant to 28 U.S.C. 1746(1).

Executed on August 12, 2013. A.D.

_Ron Gibson_.

Ron Gibson.
Interim Chairman, Jefferson Mining District.
Mineral Estate Grantee, Assemblyman.
P.O. Box 400, Rogue River, Oregon. [97537].

# Certificate of Service

I certify serving this **Officers in Default of Writ; Fault; Sanctions** on the federal court Chief Judge of the district of Oregon by first class mail sent to:

**Honorable Chief Judge Ann Aiken**
Chambers Information
5500 United States Courthouse
405 East Eighth Avenue
Eugene, Oregon 97401-2706
Chambers (541) 431-4140

**Mary L. Moran**
Clerk of Court
Wayne L Morse U.S. Courthouse
405 East Eighth Ave.
Eugene, OR 97401.

and

**Owen M. Panner**
Chambers Information
United States Courthouse
310 West Sixth Street
Medford, Oregon. 97501-2710.
Chambers: (541) 608-8760

_Ron Gibson_ . August 12, 2013, A.D.
Ron Gibson,
Jefferson Mining District, a foreign state,
Interim Chairman, Jefferson Mining District;
Mineral Estate Grantee, Assemblyman.
P.O. Box 400, Rogue River, Oregon. [97537].

The UPS Store - #1239
711 Medford Center
Medford, OR 97504
(541) 779-3359

07/11/13  03:51 PM

We are the one stop for all your
shipping, postal and business needs.

```
||||||||||||||||||||||||||||||||||||||||||||
```

| | | |
|---|---|---|
| 001 000007 (022) | TO $ | 16.34 |
| First Class Letter  QTY 2 | | |
| Reg Unit Price  $ | | 8.17 |
| 002 000007 (022) *Judge Aiken* TO $ | | 2.02 |
| First Class Letter | | |
| 003 000001 (003) | TO $ | 0.40 |
| Copies  QTY 4 | | |
| Reg Unit Price  $ | | 0.10 |

| | | |
|---|---|---|
| SubTotal | $ | 18.76 |
| Total | $ | 18.76 |
| Cash | $ | 20.01 |
| Change | $ | 1.25- |

Receipt ID 82329593523939888351 007 Items
CSH: Owner          Tran: 1313 Reg: 002

Thank you for visiting our store.
Please come back again soon.

Whatever your business and personal
needs, we are here to serve you.

US Postal Rates Are Subject to Surcharge

ENTER FOR A CHANCE TO
WIN $1000

We value your feedback
To enter please complete the customer
satisfaction survey located at:

www.theupsstore.com/survey

For official rules and Terms and
Conditions go to www.theupsstore.com
and click on the Customer Experience
Survey link

